UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE DURAMAX DIESEL LITIGATION

ANDREI FENNER, et al.,

        Plaintiffs,

v.

GENERAL MOTORS, LLC, et al.

        Defendants.
_____/

Case No. 17-11661
Honorable Thomas L. Ludington

NANCY ANDERTON, et al.,

        Plaintiffs,

v.

GENERAL MOTORS, LLC, et al.
        Defendants.
_____/

Case No. 19-11306
Honorable Thomas L. Ludington

STEPHANIE HARVELL, et al.,

        Plaintiffs,

v

GENERAL MOTORS, LLC, et al.,

        Defendants.
_____/

Case No. 19-11307
Honorable Thomas L. Ludington

DANIEL ARKELS, et al.,

        Plaintiffs,

v

GENERAL MOTORS, LLC, et al.,

Case No. 19-11308
Honorable Thomas L. Ludington

|                                         |                                     |
|-----------------------------------------|-------------------------------------|
| Defendants.                             |                                     |
| _____/ |                                     |

LOWRANZO HACKETT, et al.,

        Plaintiffs,

v                                                                                                          Case No. 19-11313
                                                                          Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

        Defendants.
_____/

JERRY BARGER, et al.,

        Plaintiffs,

v                                                                                                          Case No. 19-11320
                                                                          Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

        Defendants.
_____/

ROBERT ANDERSEN, et al.,

       Plaintiffs,

v                                                                                                          Case No. 19-11331
                                                                          Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

        Defendants.
_____/

RANDY PATTON, et al.,

       Plaintiffs,

v                                                                                                          Case No. 19-11332
                                                                          Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

        Defendants.
_____/

RICHARD AHEARN, et al.,

                Plaintiffs,

v                                                                                                    Case No. 19-11337
                                                                                                     Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

                Defendants.
_____/

ROGER LANCTOT, et al.,

                Plaintiffs,

v                                                                                                    Case No. 19-11339
                                                                                                     Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

                Defendants.
_____/

MICHAEL BEAVERS, et al.,

                Plaintiffs,

v                                                                                                    Case No. 19-11341
                                                                                                     Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

                Defendants.
_____/

JERRY BRADFORD, et al.,

                Plaintiffs,

v                                                                                                    Case No. 19-11344
                                                                                                     Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

                Defendants.
_____/

ROLAND PRUITT, et al.,

                Plaintiffs,

v                                                                                                    Case No. 19-11348
                                                                                                     Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

                Defendants.

_____/

TROY ANDERSON, et al.,

                Plaintiffs,

v                                                                                                 Case No. 19-11349
                                                                                                  Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

                Defendants.
_____/

RAYMOND BLOOM, et al.,

                Plaintiffs,

v                                                                            Case No. 19-11351
                                                                                                 Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

                Defendants.
_____/

LAWRENCE JARAMILLO, et al.,

                Plaintiffs,

v                                                                             Case No. 19-11354
                                                                                                 Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

                Defendants.
_____/

OTTO BARTEL, et al.,

                Plaintiffs,

v                                                                             Case No. 19-11357
                                                                                                Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

                Defendants.
_____/

GEORGE OLIVER, et al.,

                Plaintiffs,

v                                                                                                    Case No. 19-11365

|                                               |                                  |
|---|---|
|                                               | Honorable Thomas L. Ludington     |
| GENERAL MOTORS, LLC, et al.,                  |                                  |
|             Defendants.                       |                                  |
| _____/       |                                  |
| JOEY ATEN, et al.,                            |                                  |
|             Plaintiffs,                       |                                  |
| v                                             | Case No. 19-11366                |
|                                               | Honorable Thomas L. Ludington     |
| GENERAL MOTORS, LLC, et al.,                  |                                  |
|             Defendants.                       |                                  |
| _____/       |                                  |
| LEONEL GARZA, et al.,                         |                                  |
|             Plaintiffs,                       |                                  |
| v                                             | Case No. 19-11368                |
|                                               | Honorable Thomas L. Ludington     |
| GENERAL MOTORS, LLC, et al.,                  |                                  |
|             Defendants.                       |                                  |
| _____/       |                                  |
| CHRISTOPHER SCOTT, et al.,                    |                                  |
|             Plaintiffs,                       |                                  |
| v                                             | Case No. 19-11370                |
|                                               | Honorable Thomas L. Ludington     |
| GENERAL MOTORS, LLC, et al.,                  |                                  |
|             Defendants.                       |                                  |
| _____/       |                                  |
| JAMES BACK, et al.,                           |                                  |
|             Plaintiffs,                       |                                  |
| v                                             | Case No. 19-11372                |
|                                               | Honorable Thomas L. Ludington     |
| GENERAL MOTORS, LLC, et al.,                  |                                  |
|             Defendants.                       |                                  |
| _____/       |                                  |

JOHN GRAVATT, et al.,

        Plaintiffs,

v                                                                                    Case No. 19-11374
                                                                                Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

        Defendants.

_____/

CHANDRY ABNEY, et al.,

        Plaintiffs,

v                                                                                     Case No. 19-11376
                                                                                Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

        Defendants.

_____/

COY SLOAN, et al.,

       Plaintiffs,

v                                                                                       Case No. 19-11379
                                                                                Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

        Defendants.

_____/

TIM RICHARDSON, et al.,

       Plaintiffs,

v                                                                                       Case No. 19-11381
                                                                                Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

        Defendants.

_____/

JULIE BALCH, et al.,

       Plaintiffs,

v                                                                                       Case No. 19-11394
                                                                                Honorable Thomas L. Ludington

GENERAL MOTORS, LLC, et al.,

Defendants.
_____/

# ORDER CONSOLIDATING IN RE DURAMAX DIESEL LITIGATION AND OTHER RELATED CASES, DIRECTING FILINGS, AMENDING CASE MANAGEMENT AND SCHEDULING ORDER, DIRECTING PARTIES TO MEET AND CONFER, AND ADMINISTRATIVELY CLOSING CASES

On May 25, 2017, Andrei Fenner and Joshua Herman filed a complaint against Defendants, General Motors, Bosch LLC, and Bosch GmbH. ECF No. 1 in 17-11661. On June 21, 2017, Plaintiffs Carrie Mizell, Matt Henderson, George Stanley, Michael Reichert, Gregory Williams, Phillip Burns, Kurt Roberts, and Keith Ash filed a complaint against the same Defendants. ECF No. 1 in 17-11984. The cases were consolidated on July 25, 2017 and given the case caption: *In re Duramax Diesel Litigation*. ECF No. 16 in 17-11661. The parties in both cases stipulated to the consolidation "because the cases involve common questions of law and fact, and because consolidation would advance the interests of judicial economy." ECF No. 16 in 17-11661. On August 4, 2017, an amended complaint was filed in the consolidated case by the plaintiffs identified above, with the addition of Anthony Gadecki, Cody McAvoy, and James Crunkleton. ECF No. 18. The amended complaint in *In re Duramax Diesel Litigation* "assert[ed] claims under RICO and various state laws regarding the emissions performance of Model Years 2011-2016 Chevrolet Silverado and GMC Sierra diesel vehicles equipped with the Duramax engine." ECF No. 16 at PageID.876 in 17-11661.

Between May 6, 2019 and May 10, 2019, Mr. Charles Wade Miller, Plaintiffs' counsel in Anderton, et al. v. GM, et al. (19-11306), filed 26 complaints in the Southern Division of the Eastern District of Michigan (hereinafter "Anderton Cases"). Between May 6, 2019 and July 26, 2019, the Anderton Cases were transferred to the Northern Division of the Eastern District of Michigan as companion cases to *In re Duramax*. *See e.g.*, ECF No. 5 of 19-11306. The complaints

in each of the cases allege violations of RICO and a multitude of state law fraud claims against GM and Bosch regarding fuel emissions for the GM Silverado and Sierra diesel trucks. *See e.g.*, ECF No. 1 at PageID.213-247 of 19-11306. The 26 cases are as follows:

- 19-11306: Anderton, et al. v General Motors LLC, et al.
- 19-11307: Harvell, et al. v General Motors LLC, et al.
- 19-11308: Arkels, et al. v General Motors LLC, et al.
- 19-11313: Hackett, et al. v General Motors LLC, et al.
- 19-11320: Barger, et al. v General Motors LLC, et al.
- 19-11331: Andersen, et al. v General Motors LLC, et al.
- 19-11332: Patton, et al. v General Motors LLC, et al.
- 19-11337: Ahearn, et al. v General Motors LLC, et al.
- 19-11339: Lanctot, et al. v General Motors LLC, et al.
- 19-11341: Beavers, et al. v General Motors LLC, et al.
- 19-11344: Bradford, et al. v General Motors LLC, et al.
- 19-11348: Pruitt, et al. v General Motors LLC, et al.
- 19-11349: Anderson, et al. v General Motors LLC, et al.
- 19-11351: Bloom, et al. v General Motors LLC, et al.
- 19-11354: Jaramillo, et al. v General Motors LLC, et al.
- 19-11357: Bartel, et al. v General Motors LLC, et al.
- 19-11365: Oliver, et al. v General Motors LLC, et al.
- 19-11366: Aten, et al. v General Motors LLC, et al.
- 19-11368: Garza, et al. v General Motors LLC, et al.
- 19-11370: Scott, et al. v General Motors LLC, et al.
- 19-11372: Back, et al. v General Motors LLC, et al.
- 19-11374: Gravatt, et al. v General Motors LLC, et al.
- 19-11376: Abney, et al. v General Motors LLC, et al.
- 19-11379: Sloan, et al. v General Motors LLC, et al.
- 19-11381: Richardson, et al. v General Motors LLC, et al.
- 19-11394: Balch, et al. v General Motors LLC, et al.

The Anderton Cases involve over 2700 plaintiffs. The served Defendants in the Anderton Cases, General Motors and Bosch, LLC, are the same served Defendants in *In re Duramax*. Duramax Plaintiffs are currently attempting to serve Bosch GmbH using the Hague Convention protocol. *See* ECF Nos. 97, 100, 102, 103, 115, 136. Bosch GmbH is an identified Defendant in the Anderton Cases, but Anderton Plaintiffs have not yet attempted service of process. *See e.g.*, 19-11306.

Case 1:19-cv-11308-TLL-PTM ECF No. 23, PageID.825 Filed 01/15/20 Page 9 of 15

I.

On October 10, 2019, the Court ordered the Anderton Plaintiffs to show cause why the Anderton Cases should not be consolidated with the *In re Duramax Diesel Litigation*. ECF No. 18 of 19-11306. Between October 10, 2019 and October 11, 2019, the Court entered similar orders to show cause in all of the Anderton Cases.

On October 21, 2019, Anderton Plaintiffs responded to the show cause. *See e.g.*, ECF No. 20 of 19-11306, arguing "their cases should be consolidated with the *Duramax* Class Action for pretrial purposes" for discovery and motion practice, but not for trial. ECF No. 20 at PageID.292 in 19-11306. Plaintiffs seek immediate access to all the "discovery that has been conducted to date in the *Duramax*" litigation, would like to attend any future depositions, and desire to see *Duramax* remain on its current case schedule and have the Anderton Cases scheduling order trail behind *Duramax*. *Id.* at PageID.293-297. Plaintiffs argue additional time is needed for the Anderton Cases because "significant motion practice has occurred, answers have been filed, and discovery has been underway for more than a year" in *Duramax*, while in the Anderton Cases "no discovery has been conducted, and Defendants have not even filed an answer." ECF No. 20 at PageID.292-293 in 19-11306. Plaintiffs further request to delay significant discovery from the Anderton Plaintiffs until *Duramax* has resolved because "[i]f certain Plaintiffs accept a class action settlement [if one is offered in *Duramax*], then there is no need for Defendants to waste time and money conducting discovery on those Plaintiffs." ECF No. 20 at PageID.296.

Duramax Plaintiffs responded to Anderton Plaintiffs' proposal by asking the Court to consolidate *Duramax* and the Anderton Cases for discovery purposes, but to stay all discovery in the Anderton Cases until discovery has closed in *Duramax* or *Duramax* has concluded. ECF No. 127 in 17-11661. Specifically, Duramax Plaintiffs state they have

> conferred with *Anderton* Counsel and reached an agreement on terms of consolidation acceptable to both parties. Pursuant to that agreement, the *Anderton* Plaintiffs agree to stay discovery in the *Anderton* Cases until the earlier of: 1) close of discovery in the *Duramax* case, or 2) disposition of the Duramax claims by settlement or summary judgment. The *Anderton* Plaintiffs further agree not to take the depositions of witnesses already deposed in the *Duramax* case unless they can demonstrate, with good cause, a need to do so. In return, the *Duramax* Plaintiffs agree to provide the *Anderton* Plaintiffs access to the document review database and all deposition transcripts. ECF No. 127 at PageID.5568-5569 in 17-11661.

Essentially, Duramax Plaintiffs request that *Duramax* proceed independently. Then, after discovery has concluded in *Duramax*, the Anderton Plaintiffs would be given access to all of the *Duramax* case discovery to proceed with their individual claims. They do not cite any legal authority in their response.

General Motors filed identical responses in *Duramax*, ECF No. 128 in 17-11661, and *Anderton*, ECF No. 23 in 19-11306. Bosch LLC filed a concurrence to GM's response in both cases. ECF No. 129 in 17-11661; ECF No. 24 in 19-11306. GM seeks to have the Anderton Cases fully consolidated with *Duramax* for pretrial purposes and rejects Duramax Plaintiffs and Anderton Plaintiffs proposed discovery agreement. ECF No. 128 in 17-11661.

GM argues Anderton Plaintiffs elected to initiate their case against GM and Bosch instead of waiting until *Duramax* was decided to determine if they wanted to join a potential class action lawsuit. As such, Anderton Plaintiffs have opened themselves up to discovery obligations as a result of filing their individual lawsuits. ECF No. 128 at PageID.5584 in 17-11661. Additionally, "discovery of 3000 individuals who are all members of the putative Duramax Class will provide invaluable insight that is manifestly 'relevant to the class certification inquiries such as commonality and typicality of the claims.'" ECF No. 23 at PageID.648 in 19-11306 (quoting *Counts v. General Motors, LLC*, ECF No. 151 at PageID.12574 in 16-12541). Therefore, GM argues any discovery of Anderton Plaintiffs' conduct should occur "on a parallel track with the

*Duramax* discovery." ECF No. 23 at PageID.649 in 19-11306. GM also argues Anderton Plaintiffs have an obligation to prosecute their individual claims—which includes participation in discovery. ECF No. 128 at PageID.5585 in 17-11661. GM also advocates for all parties to meet-and-confer on a discovery plan. ECF No. 128 at PageID.5587-5590 in 17-11661.

Without seeking leave of Court, Anderton Plaintiffs filed an amended response indicating their concurrence with Duramax Plaintiffs proposal—consolidation of *Duramax* and Anderton Cases for discovery purposes, but immediately staying the Anderton Cases until *Duramax* discovery has concluded. ECF No. 25 in 19-11306. Anderton Plaintiffs also explained they only filed individual suits now to avoid a potential statute of limitations defense by Defendants later. ECF No. 25 at PageID.705 in 19-11306. After seeking leave of Court, GM filed a sur-reply to Anderton Plaintiffs amended response, explaining that a delay in discovery in the Anderton Cases undermines Anderton Plaintiffs' assertion that they only filed the individual claims for statute of limitation reasons because the purpose of statute of limitations is to avoid evidence being lost over time. ECF No. 30 at PageID.1054 in 19-11306. GM requests that Anderton Plaintiffs "be required to respond to reasonable discovery before their claims grow stale." *Id.* GM also explained that the fact that its discovery of Anderton Plaintiffs "will also inform class certification issues [in *Duramax*] does not make [its discovery of Anderton Plaintiffs in their individual cases] improper." ECF No. 140 at PageID.5779 in 17-11661; ECF No. 30 in 19-11306.

**II.**

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). If a case "involve[s] some common issues but individual issues predominate, consolidation should be denied." *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 572 (E.D. Mich. 2011). District Courts "may issue an order of consolidation on its own motion, and despite the protestations of the parties." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). The Sixth Circuit has outlined factors for the court to consider before consolidating cases:

> Whether the specific risks of prejudice and possible confusion [of consolidating multiple cases] are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

In this case, Duramax Plaintiffs and Anderton Plaintiffs assert nearly identical statutory federal and state law claims. All Plaintiffs assert a federal RICO claim. Duramax Plaintiffs assert state statutory and/or common law fraud claims from 46 states (all states except Florida, Illinois, Missouri, and Tennessee) and Anderton Plaintiffs assert state statutory and/or common law fraud claims from 48 states (all states except California and Hawaii).[1] Plaintiffs allege "the RICO Defendants, along with other entities and individuals, created and/or participated in the affairs of an illegal enterprise ("Clean Diesel Fraud Enterprise") whose direct purpose was to deceive the

---

[1] Both Plaintiffs assert the same statutory state law claims in 40 states. In five states (Iowa, Kentucky, Louisiana, Mississippi, and Wisconsin) Anderton Plaintiffs assert only common law claims while Duramax Plaintiffs assert statutory and/or common law claims. Additionally, Anderton Plaintiffs assert statutory and/or common law claims in four states that Duramax Plaintiffs do not assert any claims (Florida, Illinois, Missouri, Tennessee). Duramax Plaintiffs also assert California and Hawaii claims, while Anderton Plaintiffs do not. Lastly, Anderton Plaintiffs assert common law fraud by concealment claims in almost all the states, but Duramax Plaintiffs only assert fraud by concealment in a few states.

- 12 -

regulators and the public into believing the Fraudulent Vehicles were 'clean' and 'environmentally friendly.'" ECF No. 26 at PageID.971-972 in 19-11306; ECF No. 18 at PageID.1020 in 17-11661 (note: the *Duramax* amended complaint says "Polluting Vehicles" while the Anderton Complaint says "Fraudulent Vehicles."). The fraud claims are based on Defendants claims regarding the NoX emitted by the Silverado and Sierra 2500 and 3500 diesel trucks. ECF No. 26 at PageID.745 in 19-11306; ECF No.18 at PageID.892 in 17-11661. The complaints in both cases are nearly, if not practically, identical. The Anderton Plaintiffs complaint even references the exhibits included in the *Duramax* amended complaint in its footnotes. *Compare* ECF No. 26 in 19-11306 *with* ECF No. 18 in 17-11661. The cases clearly involve common issues of law and fact.

Discovery for the two cases will be nearly identical except for discovery of Anderton Plaintiffs themselves. In fact, Duramax Plaintiffs assert as much in their response—"the Anderton Cases are based upon the same factual and legal grounds as the Duramax case, and the relevant documents and witnesses for both cases are identical." ECF No. 127 at PageID.5569 in 17-11661. If the cases are so identical that the discovery for *Duramax* can be effectively recycled for any outstanding Anderton claims after *Duramax* has concluded, as Anderton and Duramax Plaintiffs propose, then the cases can be consolidated for pretrial purposes and motion practice and discovery can be shared sooner rather than later. Additionally, because the cases have the same claims and factual backgrounds, consolidating the cases for pretrial purposes will allow for efficiencies in the management and disposition of the cases by the parties as well as the Court.

Consolidating Anderton Plaintiffs into *In re Duramax* will not prejudice the Anderton Plaintiffs as "the only depositions conducted to date are those of [some of] the Duramax named-plaintiffs." ECF No. 23 at PageID.658 in 19-11306. Also, due to the relatively new protective order, Defendants assert they only began producing documents in late July 2019. ECF No. 23 at

PageID.660 in 19-11306. Therefore, a several month extension of the *Duramax* scheduling order (to the dates discussed at the status conference on October 22, 2019 with all parties) is sufficient to provide all parties sufficient time to review and participate in discovery. The current case management order will be amended for *In re Duramax*, consolidated with the Anderton Cases, accordingly.

Defendants will be required to immediately disclose all previously disclosed discovery to Anderton Plaintiffs. Any outstanding motions or pleadings in any of the Anderton Cases must be re-filed under the *Duramax* consolidated case.

### III.

**Accordingly, it is ORDERED** that the following case(s) 19-11306, 19-11307, 19-11308, 19-11313, 19-11320, 19-11331, 19-11332, 19-11337, 19-11339, 19-11341, 19-11344, 19-11348, 19-11349, 19-11351, 19-11354, 19-11357, 19-11365, 19-11366, 19-11368, 19-11370, 19-11372, 19-11374, 19-11376, 19-11379, 19-11381, 19-11394 are consolidated with civil case number 17-11661 for all purposes, except for trial. As previously ordered, ECF No. 16, the caption for the consolidated action will be: IN RE DURAMAX DIESEL LITIGATION.

It is further **ORDERED** that all subsequent papers filed after the date of this order shall be entered on civil number 17-11661.

It is further **ORDERED** that Anderton Plaintiffs and Duramax Plaintiffs are directed to file a joint amended complaint in the consolidated case by **February 5, 2020**. Defendants are directed to answer the amended complaint by **February 26, 2020**.

It is further **ORDERED** that the scheduling order for *In re Duramax* is amended as follows:

| Discovery Cut Off: | April 20, 2020 |
|---|---|
| Plaintiffs' Expert Disclosures: | May 18, 2020 |
| Depositions of Plaintiffs' Experts: | May 19, 2020 – June 30, 2020 |
| Defendants' Expert Disclosures: | July 1, 2020 |
| Depositions of Defendants' Experts: | July 2, 2020 – August 14, 2020 |
| Summary Judgment/Daubert Motions: | October 2, 2020 |

All other deadlines in the *In re Duramax* scheduling order are vacated.

It is further **ORDERED** that all parties are directed to meet-and-confer regarding a plan for discovery and all parties are directed to share all discovery to date with all other parties.

It is further **ORDERED** that following cases 19-11306, 19-11307, 19-11308, 19-11313, 19-11320, 19-11331, 19-11332, 19-11337, 19-11339, 19-11341, 19-11344, 19-11348, 19-11349, 19-11351, 19-11354, 19-11357, 19-11365, 19-11366, 19-11368, 19-11370, 19-11372, 19-11374, 19-11376, 19-11379, 19-11381, 19-11394 are hereby closed for administrative purposes.

Dated: January 15, 2020                                   s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge